No. 149

DILL MFG. CO. v. ZANCIUK

No. 19564. Supreme Court

On motion to certify. Dock. Jan. 13, 1926; 4 Abs. 56.

714. LIABILITY—Is the lessee liable for injury to a night watchman employed by the lessor for injuries sustained by the watchman from falling of cartons when the improper stacking of said cartons was unknown to the lessee—the lessee paying the lessor for watchman service?

Emil Zanciuk brought this action originally in the Cuyahoga Common Pleas for damages for personal injury where he received judgment for $4000, which was affirmed by the Court of Appeals.

The Properties Co. was the owner of certain premises part of which were leased to The Dill Manufacturing Co. Zanciuk was a Co. and part of his duties consisted in ringing a clock in the part leased by the Manufacturing Co. This service was paid for by the Mfg. Co. to The Properties Co., but Zanciuk was employed by the Properties Co.

Zanciuk was injured by the falling of cartons piled up by the Mfg. Co. which had been propped up by a stick two or three weeks previous to the accident.

The second amended petition makes a case solely of ordinary negligence was not pleaded or supported by the evidence. Neither was there any evidence to bring the case within the principle that plaintiff's injuries were sustained by reason of any act of negligence on the part of the defendant after discovery of the peril.

The Mfg. Co. in the Supreme Court contends.

1. That the verdict and judgment are contrary to law because under the pleadings and facts no case of actionable negligence is established and because on conceded facts that Zanciuk as a licensee assumed the risks of the static condition, existing on leased premises and was guilty of contributory negligence precluding recovery.

2. Erros in the admission of evidence.

3. Errors in the charge of the Court.

4. Errors of law on the trial in that the court erred in allowing the case to go to the jury, on the theory that Zanciuk was an invitee on the premises.

Attorneys—W. H. McMorris and Edward J. Parker, for Mfg. Co.; Spear, Godfrey & Spear for Zanciuk; all of Cleveland.

---

No. 150

D. T. & I. RD. CO. v. KISSELL PRODUCE CO.

No. 19544. Supreme Court

On motion to certify. Dock. Jan. 8, 1926; 4 Abs. 40.

851. NOTICE—Must notice of circumstances, which would make special damages the probable result of failure to furnish cars, be given to a railway company in order to recover special damages for the company's failure to furnish cars as agreed?

The Kissel Produce Co. placed an order with the Detroit, Toledo and Ironton Railroad Co., for a refrigerator car on a certain date. The car was to be used for shipping a carload of poultry to Buffalo, N. Y. The car did not arrive on the day specified and the following day the order was cancelled by the Produce Co. and the poultry was shipped by express.

The Henry Common Pleas rendered judgment against the Railway Co. for $290.73, which was the amount of the difference between the freight and express rates and the cost of transportation to and from storage and storage charges. This judgment was affirmed by the Court of Appeals.

The Railway Co. in the Supreme Court contends that as no notice of special circumstances was given it, special damages cannot be recovered, but only actual damages, which would be determined by the difference in the market value which would have been obtained had the car been furnished and the market value at the same time at the place from which they were to be shipped, less the cost of transportation.

Attorneys—George A. Meekison, Napoleon, for Produce Co.